```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JOE MARTINEZ,

        Petitioner,

v.                                    Case No. 2:18-cv-652-JES-MRM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____

## OPINION AND ORDER

This case is before the Court on a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Joe Martinez ("Petitioner"), a prisoner of the Florida Department of Corrections. (Doc. 1). In compliance with this Court's order (Doc. 13), the Secretary of the Florida Department of Corrections ("Respondent"), filed a response to the petition, asking the Court to dismiss it as untimely filed. (Doc. 15). Petitioner filed a reply. (Doc. 19).

After carefully reviewing the parties' briefs and the case record, the Court concludes that it cannot reach the merits of Petitioner's claims because the petition must be dismissed with prejudice as untimely filed.

### I.  Background and Procedural History

On December 19, 2011, a jury found Petitioner guilty of aggravated battery and resisting an officer with violence. (Doc.

15-2 at 379). On the aggravated battery charge, the court sentenced Petitioner as a habitual felony offender to thirty years in prison with a fifteen year minimum mandatory term as a prison releasee reoffender. On the resisting charge, the court sentenced Petitioner as a habitual felony offender to a concurrent term of five years in prison with a five-year minimum mandatory term as a prison releasee reoffender. (Id. at 407–18). On June 7, 2013, Florida's Second District Court of Appeal ("Second DCA") affirmed the convictions and sentences without a written opinion. (Id. at 488); Martinez v. State, 141 So. 3d 565 (Fla. 2d DCA 2013) (per curiam).

On June 29, 2014, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion"). (Doc. 15-2 at 492–509; Doc. 15-4 at 190–93). The postconviction court summarily denied all claims (Doc. 15-4 at 195–310), and the Second DCA affirmed without a written opinion on January 3, 2018. (Doc. 15-5 at 22); Martinez v. State, 241 So. 3d 141 (Fla. 2d DCA 2018) (per curiam). The appellate mandate issued on March 23, 2018. (Doc. 15-5 at 41).

On March 15, 2016, Petitioner filed a motion to correct an illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Doc. 15-5 at 43). In the motion, Petitioner asserted that his five-year sentence as a habitual felony offender with a five-year minimum mandatory as a prison releasee reoffender

2

on the resisting charge was illegal. (Id. at 44). On July 31, 2017, the postconviction court granted the motion as follows:

> The Habitual Felony Offender designation shall be stricken from count three. The Clerk shall prepare an Amended Judgment and Sentence form that removes the Habitual Felony Offender designation from count three. No other amendments are directed to be made to the judgment and sentence forms. The Clerk shall provide certified copies of the Amended Judgment and Sentence forms to the Florida Department of Corrections.

(Doc. 15-5 at 141). An amended judgment was entered on August 7, 2017, but dated as ordered on January 26, 2012, the date of the original judgment. (Id. at 190-97).

On July 26, 2019, Petitioner filed another motion under Rule 3.850 of the Florida Rules of Criminal Procedure ("Second Rule 3.850 Motion"). (Doc. 15-5 at 201-06). The postconviction court denied the motion as untimely. (Id. at 212-14). The Second DCA affirmed on June 24, 2020. (Id. at 286); Martinez v. State, 299 So. 3d 1043 (Fla. 2d DCA June 24, 2020) (per curiam).

Petitioner gave his habeas petition to his correctional institution for mailing on August 28, 2018. (Doc. 1 at 1).[1]

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). In this case, the petition was stamped as provided to Avon Correctional Institution for mailing on August 28, 2018. (Doc. 1 at 1.)

3

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus proceedings. 28 U.S.C. § 2244(d). The limitations period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege—nor does it appear from the pleadings or the Court's independent review of the record—that any statutory trigger in sections 2244(d)(1)(C)-(D) applies. Accordingly, Petitioner's limitations period is calculated from the date his judgment became final. Id. § 2244(d)(1)(A).

4

**A.     The petition is untimely under 28 U.S.C. § 2244(d)(A).**

Florida's Second DCA affirmed Petitioner's convictions and sentences on June 7, 2013.  (Doc. 15-2 at 488).  His conviction became final ninety days later, on September 5, 2013.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that a judgment becomes "final" under section 2244(d)(1)(A) at the expiration of time for seeking direct review); S. Ct. Rule 13.1 (providing ninety days to petition the Supreme Court for a writ of certiorari).[2]

Therefore, Petitioner's AEDPA clock began to tick on September 6, 2013, and—as September 6, 2014 fell on a Saturday—he had through September 8, 2014, to file his federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on

---

[2] Notably, the August 7, 2017 order on Petitioner's Rule 3.800(a) Motion did not affect the finality of Petitioner's judgment and sentences.  The only change implemented by the order was to strike the HFO designation from Petitioner's resisting an officer with violence count, and Petitioner was no longer serving that count when he filed his federal habeas petition.  The order neither imposed a new sentence, nor authorized the Florida Department of Corrections to take any action as to Petitioner's sentence.  Rather, the removal of the HFO designation for the already-served five-year sentence left Petitioner's present sentence unamended.  Therefore, the August 7, 2017 order was not a "new judgment" and did not restart Petitioner's AEDPA limitations period. See Jones v. Fla. Dep't of Corr., No. 21-10331-E, 2021 WL 3824675 (11th Cir. April 20, 2021) (denying a certificate of appealability to petitioner who argued that an order striking the habitual-felony-offender designation from his first-degree murder counts was a new judgment that restarted the AEDPA limitations period); Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1326-28 (11th Cir. 2017) (holding that order removing a judgment's imposition of chemical castration did not make the modification qualify as a new judgment).

5

day after triggering event); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the anniversary method, under which the limitations period expires on the anniversary of the date it began to run." (internal quotation marks omitted)); Fed. R. Civ. P. 6(a)(1)(A), (C) (excluding the day of the event that triggered the need for calculating time and noting that if the final day falls on a Saturday, Sunday, or legal holiday, the period continues "to run until the end of the next day that is not a Saturday, Sunday or legal holiday").

Petitioner did not file his habeas petition until August 28, 2018. (Doc. 1 at 1). Therefore, it was filed 1450 days late unless tolling principLEs apply to render it timely.

### B. Petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

The AEDPA statute of limitations may be tolled in certain situations. For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner filed his first Rule 3.850 Motion on July 29, 2014. (Doc. 15-2 at 492). This stopped the AEDPA clock with 38 days remaining for Petitioner to file a timely 28 U.S.C. § 2254 petition. The clock started again on March 23, 2018, when mandate

issued on appeal from the denial of the motion. (Doc. 15-5 at 41). Absent additional tolling motions, the 28 U.S.C. § 2254 petition was due on April 30, 2018. Petitioner had no tolling motions pending in state court between March 23, 2018 and August 27, 2018, when he filed his petition. Accordingly, the petition was filed 119 days late.

Even if properly filed (a finding not made by this Court), Petitioner's July 26, 2019 Second Rule 3.850 Motion (Doc. 15-5 at 201) did not toll or restart the AEDPA's one-year statute of limitations because Petitioner's limitations period expired on April 30, 2018. A state court petition or motion filed after the expiration of the federal limitations period—as this one was—"cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). And "[w]hile a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired." Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (quotation marks omitted). Accordingly, Petitioner is not entitled to statutory tolling of the one-year AEDPA limitations period for his Second Rule 3.850 Motion because it was filed with no time left to toll.

    **C.    Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.**

The AEDPA's one-year statute of limitations may also be equitably tolled in certain cases. First, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently, and that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner has not shown, or attempted to show, the requisite diligence or an "extraordinary circumstance" to support equitable tolling of the AEDPA's one-year statute of limitation under the rules set forth in Holland. Rather, he argues in his reply, without offering support, that he has shown cause and prejudice for his failure to exhaust these claims in state court. (Doc. 19 at 5). The Court, however, cannot reach the question of whether Petitioner's claims were exhausted because his petition is untimely.

Next, the Supreme Court has held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more

likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. The McQuiggin Court "stress[ed] . . . that the Schlup standard is demanding" and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " McQuiggin, 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

Petitioner raises three grounds of ineffective assistance of trial counsel in his habeas petition, none of which argues actual innocence. He asserts that trial counsel was constitutionally ineffective for:

> Advising him against testifying in his own defense;
>
> Failing to file an expiration of speedy trial motion and motion to discharge; and
>
> Failing to object to an officer's hearsay testimony regarding the victim's identification of Petitioner as the perpetrator.

(Doc. 1 at 6, 11, 13). Even if the Court could liberally construe these grounds as raising a claim of actual innocence, Petitioner does not present any new evidence showing that he is actually innocent of the crimes for which he was convicted. See Schlup, 513 U.S. at 324. Accordingly, McQuiggin's actual innocence exception does not operate to excuse Petitioner's failure to timely file his federal habeas petition.

9

### III. Conclusion

Based on the foregoing, the Court concludes that Petitioner's 28 U.S.C. § 2254 petition was filed after the expiration of the AEDPA's one-year period for filing such petitions and that he is not entitled to federal review of his habeas claims through any recognized exception to the time bar.

Accordingly, it is ordered that:

1. The 28 U.S.C. § 2254 petition filed by Joe Martinez is **DISMISSED with prejudice** as time barred.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

### Certificate of Appealability[3]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276

---

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

10

(2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Further, to obtain a certificate of appealability when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida on May 2, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-2

Copies to:  Counsel of Record
Unrepresented Parties